UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KG Dongbu USA, Inc. and<br>DB Insurance Co., Ltd. | Civil Action No. |
| versus | Section |
| Panobulk Logistics, Inc.,<br>Cooper Consolidated, LLC, and<br>Coastal Cargo Company, LLC | Judge<br><br>Mag. Judge |

## COMPLAINT

The Complaint of KG Dongbu USA, Inc. and DB Insurance Co., Ltd. (collectively "plaintiffs") against Panobulk Logistics, Inc., Cooper Consolidated, LLC, and Coastal Cargo Company, LLC (collectively "defendants"), in causes of action for breach of maritime contract, breach of warranty, bailment, and maritime tort, represents as follows:

### Jurisdiction & Venue

1. The Court has admiralty jurisdiction under 28 U.S.C. § 1333. Plaintiffs designate their claims as admiralty or maritime claims according to Federal Rule of Civil Procedure 9(h). The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any related state-law claims.

2. Venue is proper because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district.

### Parties

3. Plaintiff KG Dongbu USA, Inc. is a California corporation with its principal place of business in California. KG Dongbu USA brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties, other than plaintiff DB Insurance Co., Ltd., who are or may become interested in the shipment described in this Complaint, as their respective interests may appear.

4.      Plaintiff DB Insurance Co., Ltd. is a business entity organized under the laws of a foreign sovereign with its principal place of business outside the United States.  DB Insurance is and was at all material times in the business of insuring, among other things, cargoes being transported over navigable waters.  This action is also brought by DB Insurance as subrogee of KG Dongbu USA, as its interests may appear.

5.      Defendant Panobulk Logistics, Inc. is a California corporation.  Upon information and belief, Panobulk has its principal place of business in California.  At all material times, Panobulk has been engaged in the business of arranging for private carriage of goods for hire by water.

6.      Defendant Cooper Consolidated, LLC is a Louisiana limited liability company.  Upon information and belief, Cooper has its principal place of business in Louisiana.  At all material times, Cooper has been engaged in the business of transporting goods for hire by water.

7.      Defendant Coastal Cargo Company, LLC is a Louisiana limited liability company.  Upon information and belief, Cooper has its principal place of business in Louisiana.  At all material times, Coastal has been involved in the business of loading and unloading cargo owned by others on navigable waters.

**Facts**

8.      On or about Oct. 31, 2021, KG Dongbu Steel Co., Ltd. shipped a cargo of 140 steel coils (the "Coils"), consigned to plaintiff KG Dongbu USA, Inc., from Korea to New Orleans aboard the M/V Red Fin.  The ocean carrier was SK Shipping Co., Ltd.

9.      According to the contract of ocean carriage, SK Shipping was responsible for discharging the Coils directly from the ship into one or more barges in New Orleans.

10. According to a separate contract, KG Dongbu USA hired defendant Panobulk to transport the Coils via barge and truck from New Orleans to buyers in Illinois and Ohio. A true copy of the contract is attached and incorporated by reference as Exhibit 1.

11. Panobulk hired Cooper, according to a separate contract, to transport the Coils via one or more barges from New Orleans to the upriver buyers.

12. Upon information and belief, Cooper provided the barge LTD-237 (the "Barge") to receive the Coils as they were discharged from the ship. *See* Barge outturn report, a true copy of which is attached and incorporated by reference as Exhibit 2.

13. A person or party other than either plaintiff hired Coastal to stow the Coils in the hold of the Barge as the Coils were discharged from the ship.

14. On or about January 5, 2022, the Coils were discharged from the ship into the Barge in good order and condition, for carriage aboard the Barge from New Orleans to Lemont, Illinois.

15. In consideration of the agreed freight, Panobulk and Cooper agreed to deliver the Coils in the same good order and condition as when received for carriage.

16. Upon information and belief, Coastal damaged the hold of the Barge while stowing the Coils. The damage allowed river water to enter the hold and accumulate around the Coils, eventually damaging the coils and making them unsuitable for their intended use.

17. Defendants knew or should have known about the damage to the Barge, the ingress of water into the Barge's hold, and the threat that water posed to the Coils.

18. The Coils were delivered in damaged condition and were rejected by the receivers.

19. Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $2.8 million.

20.     Plaintiffs duly performed all of their respective duties and obligations, including mitigation of their damages, and in no way caused or contributed to the damages.

### Count 1:  Breach of Maritime Contract, Warranty & Bailment
(against Panobulk)

21.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 20.

22.     The contract between plaintiff KG Dongbu USA and defendant Panobulk (Exhibit 1) is valid and enforceable.

23.     The contract included a warranty of workerlike performance or service.

24.     According to the contract, in consideration of the agreed freight, Panobulk (as bailee) agreed to deliver the Coils in the same good order and condition as when received for carriage.

25.     The damage to the Coils resulted from Panobulk's breach of the contract, breach of warranty, and breach of Panobulk's duties as bailee.  In particular, Panobulk failed to exercise due diligence to provide a seaworthy Barge; failed to properly stow, load, and transport the Coils; failed to deliver the Coils in the same good order and condition as when delivered; failed to properly protect and safeguard the Coils from water damage during inland transportation; and failed to take all other reasonable and necessary precautions for the safety and protection of the Coils.

26.     By reason of Panobulk's breach of contract, breach of warranty, and breach of its duties as bailee, plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $2.8 million, plus survey, inspection, salvage, and related expenses; court costs; interest; and attorney's fees.

## Count 2:  Maritime Tort
(against all defendants)

27. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 20.

28. The damage to the Coils also resulted from each defendant's breach of its duty to exercise reasonable care in stowing, loading, and transporting the Coils.

29. The negligence of each defendant caused or contributed to the damages sustained by plaintiffs.

30. By reason of defendants' negligence, plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $2.8 million, plus survey, inspection, and salvage expenses; court costs; interest; and attorneys' fees.

WHEREFORE, plaintiffs pray for the following relief:

1. That process may issue against each defendant, citing each defendant to appear and answer all and singular the matter set forth in this Complaint;

2. That after due proceedings, judgment be entered in favor of plaintiffs and against each defendant, jointly and severally, for the full amount of plaintiffs' damages, including without limitation survey, inspection, and salvage expenses; court costs; pre-judgment and post-judgment interest; and attorneys' fees; and

3. That plaintiffs may have such other and further relief to which they are entitled.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD

s/ *David B. Sharpe*
David B. Sharpe, T.A. (La. No. 20370)
dsharpe@lawla.com
Alan R. Davis (La. No. 31694)
adavis@lawla.com
601 Poydras Street, Suite 2775

Lorin R. Scott (La. No. 38888)
lscott@lawla.com
New Orleans, LA  70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
*Counsel for Plaintiffs*