UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KG DONGBU USA, INC. ET AL | CIVIL ACTION |
| VERSUS | NO. 23-27 |
| PANOBULK LOGISTICS, INC. ET AL | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court is a motion by Defendant Coastal Cargo Company, LLC ("Coastal") for leave to file a third-party demand against Marquette Transportation Company, LLC ("Marquette"). R. Doc. 27. The party filed this motion on August 15, 2023. Defendant Cooper Consolidated, LLC ("Cooper") opposes the motion, R. Doc. 28, and Coastal has filed a reply, R. Doc. 31.

### I.    BACKGROUND

This case arises out of alleged damage to steel coils sent by Plaintiffs KG Dongbu Steel Co., Ltd. and KG Dongbu USA, Inc. during transport by Defendants Cooper, Coastal, and Panobulk Logistics ("Panobulk"). R. Doc. 1. Plaintiffs shipped the 140 coils from Korea to New Orleans on October 31, 2021. *Id.* at 1. Plaintiffs entered into a contract with Panobulk to transport the coils by barge from New Orleans to Illinois and Ohio. *Id.* at 3. Panobulk hired Cooper in a separate contract to transport the coils by one or more barges from New Orleans to the buyers in Illinois and Ohio. *Id.* The coils were loaded on barge LTD-237, provided by Cooper, as they left the original boat of shipment. *Id.* A person or party other than Plaintiff hired Coastal to load the coils onto the barge. *Id.* Panobulk and Cooper agreed to deliver the coils in

1

the same condition as when received for shipment on the barge. *Id.* The coils arrived in New Orleans on January 5, 2022 in good condition. *Id.* While loading the coils onto the barge, Coastal damaged the hold of the barge where the coils were being stowed. *Id.* This damage caused water to enter the hold and come into contact with the coils. *Id.* The coils were eventually damaged and rejected by the buyers. *Id.*

Plaintiff filed suit against Defendants on January 4, 2023 alleging (1) breach of maritime contract, (2) breach of warranty, (3) bailment, and (4) maritime tort. *Id.* at 1. Plaintiffs seek damages of $2.8 million plus survey, inspection, and salvage expenses, court costs, interest, and attorneys' fees. *Id.* at 5.

Defendants each claim a number of affirmative defenses. Coastal asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) failure to mitigate damages, and (3) comparative fault and contributory negligence. R. Doc. 8. Cooper asserts that Plaintiffs' claims are barred due to the contract between the two parties. R. Doc. 9. Panobulk asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) failure to mitigate damages, and (3) comparative fault and contributory negligence. R. Doc. 16.

Additionally, both Cooper and Panobulk filed crossclaims. On March 31, 2023, Cooper filed a crossclaims against Coastal and Panobulk. R. Doc 9. Cooper asserts that the damages alleged by Plaintiffs were cause by the fault, negligence, gross negligence, recklessness, or intentional misconduct of Coastal when loading the coils onto the barge. R. Doc. 9 at 12. Cooper argues that Coastal is liable to all claims and damages asserted by Plaintiffs against Cooper. *Id.* Further, Cooper asserts that Coastal was the agent of Panobulk, so Panobulk assumed the duty and responsibility for Plaintiffs' damages. *Id.* at 21. Cooper argues that Panobulk is liable to Cooper for losses, damages, injuries, claims, and expenses arising from the fault, negligence,

gross negligence, recklessness, or intentional misconduct of Panobulk or its contractors or subcontractors pursuant to their contract agreement. *Id.*

Cooper and Panobulk each claim a number of defenses. Coastal asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) comparative fault and contributory negligence, and (3) breach of duty. R. Doc. 15. Panobulk asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) failure to mitigate damages, and (3) comparative fault and contributory negligence. R. Doc. 17.

On May 5, 2023, Panobulk filed a crossclaim against Cooper and Coastal. R. Doc. 16. Panobulk asserts that Plaintiffs' damages were related to Cooper's failure to perform under their agreement and by the fault, negligence, gross negligence, recklessness, or intentional misconduct of Cooper and its contractors or subcontractors. *Id.* at 12. Panobulk argues that Cooper is at fault for Plaintiffs' damages because Cooper did not provide a barge in good condition and did not provide quality services relating to the operation of the barge. *Id.* Further, Panobulk asserts that Plaintiffs' damages were caused by Coastal's negligence when loading the coils onto the barge. *Id.* at 15.

Coastal and Cooper each claim a number of defenses. Coastal asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) comparative fault and contributory negligence, and (3) breach of duty. R. Doc. 19. Cooper asserts defenses including (1) failure to state a claim upon which relief can be granted and (2) limitation of claims by terms of the contract. R. Doc. 21.

## II.     PRESENT MOTION

Movant Coastal ("Movant") seeks to file a third-party demand against Marquette for contribution, because Marquette is the owner of the barge on which Plaintiff's coils were

allegedly damaged. In its petition for leave, Movant alleges that Marquette—as owner of the barge—should be required to answer for the barge's condition because there is evidence that the barge was unfit and unseaworthy.

First, Movant alleges that Marquette was the owner and/or owner *pro hac vice* and/or operator of Barge LTD-237 rather than Defendant Cooper Consolidated, LLC ("Cooper"). R. Doc 27-1. at 2. Movant alleges that, though Cooper was the carrier of the coils during transit from New Orleans to Illinois, it only contracted the barge for a short period of time from Marquette. *Id.* Accordingly, Coastal alleges that Marquette, not Cooper, was responsible for the barge's condition. *Id.* Secondly, Movant alleges that the barge was unseaworthy and unfit for its voyage from New Orleans to Illinois because of leakage issues. *Id.* Movant alleges than the barge was over twenty years old and was leaking extensive throughout at the time of incident. *Id.* Specifically, Movant alleges that on the day of loading the coils, there were minimal amounts of water in the barge's wing tanks. *Id.* However, the day after loading the coils onto the barge, the tug crew found six feet of water in two of the barge's tanks and "up to 18 inches of water had accumulated in the barge's hopper." *Id.* Movants thus argue that Marquette "should be required to answer for the barge's condition" because of evidence that Marquette was the owner of the barge, and it was unfit and unseaworthy at the time of issue. *Id.* Further, Movants argue that their motion for leave should be granted because plaintiffs have not sued Marquette and because "the interests of justice and judicial economy" favor granting the present motion "rather than compelling Coastal to file a separate suit for indemnity or contribution against Marquette." *Id.* at 3.

In its opposition memorandum, Cooper argues that Coastal's motion is untimely and that the Movant fails to meet the standards that Federal Rules of Civil Procedure 14 and 16 set for

4

permitting a third-party complaint and modification to a scheduling order. First, Cooper states that there was "unreasonable delay" in Movants' filing, because the relevant scheduling order set a July 17, 2023 deadline for third-party claims and this motion was filed nearly a month later, on August 15, 2023. R. Doc. 28 at 3; R. Doc. 27-1 at 8. This delay is "undue," Cooper argues, because Coastal already had the information on which it relies for its third-party claim before the scheduling order deadline. R. Doc. 28 at 3. Second, Cooper argues that the proposed action against Marquette "adds nothing to the claims or defenses of any party or their ability to litigate" because it had no contractual relationship with any of the other parties. Cooper argues that regardless of who owns the barge, Cooper "assumed the responsibility of providing a proper barge" for the voyage from New Orleans to Illinois as defined by the Barge Transportation Agreement between Cooper and Panobulk. *Id.* at 5. Further, Cooper argues that Marquette did not owe any duty to any party with which it had no contractual relationship, nor does an implied warranty of seaworthiness apply to the present case. *Id.* Third, these delays would "essentially restart the timeline needed for litigation of this case" due to the increase in litigation costs for all parties, additional pleadings, motions, and discovery matters. *Id.* at 7.

### III.   LAW AND ANALYSIS

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. Pro 14(a)(1). However, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* When a party requests leave to file a third-party complaint, a district court "is accorded 'wide discretion in determining whether to permit'" such a claim. *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (quoting *Southern Railway*

*Co. v. Fox*, 339 F.2d 560, 563 (5th Cir. 1964)). To evaluate such a claim courts generally look to "the prejudice to the parties, complication of trial issues, likelihood of delay, and timeliness" of the third-party claim. *Angelle v. Spartan Offshore Drilling, LLC*, 2019 U.S. Dist. LEXIS 75597, *4 (quoting *Hancock v. Chicago Title Ins. Co.*, 263 F.R.D. 383, 392 (N.D. Tex. 2009)).

On the balance of these factors, Coastal demonstrates that they should be granted leave to file a third-party claim. In this instance, Coastal's motion while untimely, is not prejudicial to the parties. The scheduling order set the deadline for July 17, 2023; this motion was filed August 15, 2023—just under a month after the deadline set by this Court. R. Doc. 28. At 2. Additionally, communications sent to the Court in advance of the August 10, 2023 telephone conference in this matter indicated that, at that time, the parties were aware that Coastal intended to file a third party demand against Marquette. Further, discovery in this matter is in early stages and unlikely to give rise to a delay, as parties have until January 8, 2024 to complete discovery. Doc. 27-1. at 5. As of August 29, 2023 Coastal represented to this Court that no depositions have been scheduled or even discussed. R. Doc. 31 at 6. There will be ample time to resolve any potential complication of trial issues as a result of granting this motion because trial is scheduled for February 20, 2024. Doc. 28. At 2.

Accordingly, the Court is led to the conclusion that a leave to file a third-party demand should be granted. Movant argues that adding the defendant owner/operator of the barge promotes judicial efficiency as it will allow for complete resolution of the dispute in a single proceeding, rather than multiple parallel proceedings. Doc. 27-1. at 5. As a result, the Court finds that granting the instant motion is proper to promote judicial efficiency without unduly prejudicing the other parties to the action.

## IV. CONCLUSION

For the foregoing reasons, Coastal's Motion for Leave to File Third-Party Demand, R. Doc. 27, is **GRANTED**.

New Orleans, Louisiana this 11th day of September, 2023.

                                                THE HONORABLE ELDON E. FALLON
                                                UNITED STATES DISTRICT JUDGE