UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KG DONGBU USA, INC. ET AL | CIVIL ACTION |
| VERSUS | NO. 23-27 |
| PANOBULK LOGISTICS, INC. ET AL | SECTION "L" (4) |

**ORDER AND REASONS**

Before the Court is a motion by Defendant Coastal Cargo Company, LLC ("Coastal") for Leave to File Crossclaims against Defendant Cooper Consolidated, LLC ("Cooper"). R. Doc. 47. Cooper opposes the motion, R. Doc. 48, and Coastal has filed a reply, R. Doc. 51.

I.     BACKGROUND

This case arises out of alleged damage to steel coils sent by Plaintiffs KG Dongbu Steel Co., Ltd. and KG Dongbu USA, Inc. during transport by Defendants Cooper, Coastal, and Panobulk Logistics ("Panobulk"). R. Doc. 1. Plaintiffs shipped the 140 coils from Korea to New Orleans on October 31, 2021. *Id.* at 1. Plaintiffs entered into a contract with Panobulk to transport the coils by barge from New Orleans to Illinois and Ohio. *Id.* at 3. Panobulk hired Cooper in a separate contract to transport the coils by one or more barges from New Orleans to the buyers in Illinois and Ohio. *Id.* The coils were loaded on barge LTD-237, provided by Cooper, as they left the original boat of shipment. *Id.* A party other than the Plaintiff hired Coastal to load the coils onto the barge. *Id.* Panobulk and Cooper agreed to deliver the coils in the same condition as when received for shipment on the barge. *Id.* The coils arrived in New Orleans on January 5, 2022, in good condition. *Id.* While loading the coils onto the barge, Coastal damaged the hold of the barge

1

where the coils were being stowed. *Id.* This damage caused water to enter the hold and come into contact with the coils. *Id.* The coils were eventually damaged and rejected by the buyers. *Id.*

Plaintiff filed suit against Defendants on January 4, 2023 alleging (1) breach of maritime contract, (2) breach of warranty, (3) bailment, and (4) maritime tort. *Id.* at 1. Plaintiffs seek damages of $2.8 million plus survey, inspection, and salvage expenses, court costs, interest, and attorneys' fees. *Id.* at 5.

Defendants each claim a number of affirmative defenses. Coastal asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) failure to mitigate damages, and (3) comparative fault and contributory negligence. R. Doc. 8. Cooper asserts that Plaintiffs' claims are barred due to the contract between the two parties. R. Doc. 9. Panobulk asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) failure to mitigate damages, and (3) comparative fault and contributory negligence. R. Doc. 16.

Additionally, both Cooper and Panobulk filed crossclaims. On March 31, 2023, Cooper filed a crossclaims against Coastal and Panobulk. R. Doc 9. Cooper asserts that the damages alleged by Plaintiffs were cause by the fault, negligence, gross negligence, recklessness, or intentional misconduct of Coastal when loading the coils onto the barge. R. Doc. 9 at 12. Cooper argues that Coastal is liable to all claims and damages asserted by Plaintiffs against Cooper. *Id.* Further, Cooper asserts that Coastal was the agent of Panobulk, so Panobulk assumed the duty and responsibility for Plaintiffs' damages. *Id.* at 21. Cooper argues that Panobulk is liable to Cooper for losses, damages, injuries, claims, and expenses arising from the fault, negligence, gross negligence, recklessness, or intentional misconduct of Panobulk or its contractors or subcontractors pursuant to their contract agreement. *Id.*

Cooper and Panobulk each claim a number of defenses. Coastal asserts defenses including

2

(1) failure to state a claim upon which relief can be granted, (2) comparative fault and contributory negligence, and (3) breach of duty. R. Doc. 15. Panobulk asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) failure to mitigate damages, and (3) comparative fault and contributory negligence. R. Doc. 17.

On May 5, 2023, Panobulk filed a crossclaim against Cooper and Coastal. R. Doc. 16. Panobulk asserts that Plaintiffs' damages were related to Cooper's failure to perform under their agreement and by the fault, negligence, gross negligence, recklessness, or intentional misconduct of Cooper and its contractors or subcontractors. *Id.* at 12. Panobulk argues that Cooper is at fault for Plaintiffs' damages because Cooper did not provide a barge in good condition and did not provide quality services relating to the operation of the barge. *Id.* Further, Panobulk asserts that Plaintiffs' damages were caused by Coastal's negligence when loading the coils onto the barge. *Id.* at 15.

Coastal and Cooper each claim a number of defenses. Coastal asserts defenses including (1) failure to state a claim upon which relief can be granted, (2) comparative fault and contributory negligence, and (3) breach of duty. R. Doc. 19. Cooper asserts defenses including (1) failure to state a claim upon which relief can be granted and (2) limitation of claims by terms of the contract. R. Doc. 21.

On September 12, 2023, this Court granted Coastal's Motion for Leave to File a Third Party Demand against Marquette Transportation Company, LLC ("Marquette"). R. Doc. 32. Coastal asserts that Marquette may be liable to the Plaintiff or Coastal for contribution because of its failure to provide Cooper with a seaworthy barge. R. Doc. 33 at 2,4. In its answer, Marquette asserts several defenses, including that Plaintiffs' claims against it are barred by the Barge Transportation Agreement between Panobulk, Plaintiffs, and Cooper. R. Doc. 38. On October 24,

2023, Coastal filed the instant motion. R. Doc. 47.

II.     **PRESENT MOTION**

At the outset, Coastal acknowledges that its motion comes before this Court after the deadline to file crossclaims. R. Doc. 47 at 6. However, Coastal argues it did not need to file the instant motion earlier. It argues that when Cooper filed its pending motion for partial summary judgment seeking a limitation in liabilities owed to the plaintiffs, it triggered Coast's need to file the instant motion.[1] *Id.* at 8. Coastal avers that its crossclaims do not alter the discovery and trial since proportionate fault of all the defendants was already an issue in the matter. *Id.* at 4. Coastal further argues that including its crossclaims in this litigation is crucial because it relates to the potential liability of all parties to the case. *Id.* at 8. Lastly, Coastal argues that granting its motion is in the interest of judicial efficiency in resolving the matter and will not result in prejudice to the other parties. *Id.* at 10-13.

In opposition, Cooper argues that Coastal "lacks any reasonable explanation" for filing its motion for leave after the deadline. R. Doc. 48 at 2. Cooper argues that Coastal has been aware of the limitations defense it raises in its pending motion since at least March 31, 2023. *Id.* Cooper avers that it would be "substantially prejudicial" if the Motion is granted because of the impact it would have on Cooper's litigation strategy as trial is less than four months away. *Id.* at 6. Lastly, Cooper argues that inclusion of Coastal's proposed crossclaims are not necessary to promote judicial efficiency. *Id.* at 7-9.

In reply, Coastal stresses that its proposed crossclaims against Cooper do not introduce new issues and that any additional discovery that may result would not delay proceedings. R. Doc. 51-2 at 2-3. It argues that if the Court denies the motion, then Coastal—not Cooper—will face

---

[1] Cooper filed its pending motion on October 9, 2023. R. Doc. 39.

more prejudice because then Coastal would be forced to file a separate contribution lawsuit. *Id.* at 3. Accordingly, Coastal prays that this Court grant its motion as it is in the interest of justice and judicial economy. *Id.* at 7.

### III. APPLICABLE LAW

Once the court has entered a scheduling order and the relevant deadline has passed, Federal Rule of Civil Procedure 16(b) governs the court's decision regarding whether to permit a post-deadline amendment. *See* Fed. R. Civ. P. 16(b). Rule 16(b) provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether the movant has established "good cause" for relief, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *Leza v. City of Laredo*, 496 Fed. App'x 375, 376 (5th Cir. 2012) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Only after the movant demonstrates good cause, will a court consider a motion for leave under the more liberal standard set forth in Federal Rule of Civil Procedure 15(a). *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

### IV. ANALYSIS

On the balance of these factors, Coastal fails to demonstrate why it should be granted leave to file crossclaims at this late date.  In this instance, the Court starts with the final factor articulated in *Leza*: timeliness. Coastal's motion is clearly untimely. The scheduling order set the deadline for July 17, 2023; this motion was filed on October 24, 2023—over three months after the deadline

set by this Court. R. Doc. 24. Further, Cooper's pending motion for partial summary judgment is not the first time Movants are learning of its intention to limit its liability. As evidenced by Cooper, Movants have been aware of this potential defense since at least March 31, 2023. R. Doc. 48 at 3. Accordingly, Movants have had ample opportunity to raise their crossclaims against Coastal before the scheduling order's deadline.

The other factors—the party's explanation, the importance of the requested extension, prejudice to the parties, and the availability of a continuance to cure such prejudice—also lead the Court to the conclusion that leave to file crossclaims should not be granted. Movants argue that because the original suit raised issues of proportionate fault of the defendants, the crossclaims do not raise any novel issues that the parties were not already contemplating in determining their trial strategy. R. Doc. 47-1 at 9-10. However, the Court finds this argument unavailing. On September 12, 2023, this Court has already previously granted Coastal's motion for leave to file a third-party demand against Marquette for indemnity and contribution. R. Doc. 32.  Notably, it did not file such claims, as it does now, against Cooper. R. Doc. 47-1 at 6. Trial in this matter is set for February 20, 2024, and the pre-trial conference is February 6, 2024. Coastal once again asks this Court, merely months before this matter is set for trial, to inject new issues into the case. Especially given the ability of Coastal to file a separate action against Cooper to pursue its indemnity claims, the Court finds that denial of the instant motion is proper to prevent undue delay and to avoid undue prejudice against Cooper.

V.   **CONCLUSION**

Accordingly, Coastal's Motion for Leave to File Cross-Claims, R. Doc. 47, is **DENIED**.

New Orleans, Louisiana this 7th day of November, 2023.

_____
United States District Judge